McMYLER MFG. CO. v. MEHNKE.

(Circuit Court of Appeals, Sixth Circuit. December 2, 1913.)

No. 2,369.

1. MASTER AND SERVANT (§ 228*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—STATE STATUTES.

Page & A. Gen. Code Ohio, § 6245-1, provides that, in actions for injuries to a servant, the fact that he may have been guilty of contributory negligence shall not bar recovery, where such negligence is slight and that of the employer is gross in comparison, but the damages shall be diminished in proportion to the negligence attributable to the servant. *Held*, that contributory negligence as a common-law defense in bar has not been wholly abolished, and constitutes a full and absolute bar to a servant's right of action in those cases where his negligence is as great or greater than that of the employer, and hence it was improper to charge that a servant's contributory negligence, no matter how great as compared with that of his employer, was only to be considered in mitigation of damages.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

2. MASTER AND SERVANT (§ 228*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—ASSUMED RISK—STATUTES.

Page & A. Gen. Code Ohio, § 6245, provides that an employé shall not be held to have assumed the risk of the negligent act of any fellow servant or employé, done in obedience to the immediate or peremptory instructions or order of the employer, or any person in authority to direct, and section 6245-1 provides that a servant's contributory negligence shall not bar recovery where it is slight and that of the employer gross in comparison, but the damages shall be diminished in proportion to the servant's negligence. *Held* that, where plaintiff, a machinist in defendant's shop, was injured by the negligent manner in which other employés near him chipped a casting in obedience to immediate instructions or orders of the employer, plaintiff's act in remaining in the position he occupied, notwithstanding the work negligently done near him, was not contributory negligence, but at most an assumed risk within section 6245, and hence the employer was not entitled to an instruction that plaintiff's contributory negligence might be a bar to recovery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

3. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR COURT OR JURY.

Page & A. Gen. Code Ohio, § 6245, declares that a servant who is injured by the negligence of his fellow servants under stated conditions does not assume the risk thereof, and section 6245-1 declares that an employé's contributory negligence shall not bar a recovery if slight in comparison with the employer's negligence, but that the damages shall be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

diminished accordingly, and that all questions of negligence and contributory negligence shall be for the jury. *Held*, that where, in an action for injuries to a servant by the negligence of fellow servants working near him, according to immediate directions of the employer, there was no proof of any conduct on the part of the servant which might be held negligence of that character which is so distinct from assumed risk that it would survive the statutory abrogation by section 6245, there was no question of contributory negligence which was "for the jury" under the last clause of the statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Action by August Mehnke against the McMyler Manufacturing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Mehnke, a citizen of Russia, brought this action, in the District Court, against an Ohio corporation, to recover damages caused by injury received while he was working as a machinist in defendant's shop. His case was that other employés were set at work near him chipping a casting, and that their work was so negligently done that a flying chip destroyed his eye. On this theory, he recovered a verdict; and the company brings a writ of error. The vital questions—a fellow servant's negligence, plaintiff's contributory negligence, and plaintiff's assumption of the risk—are controlled or affected by the Ohio statute copied in the margin,[1] It is conceded that the record is such as to require us to assume, for the purpose of this review, that the chipping in progress by Mehnke's fellow servants was being done in obedience to immediate instructions or orders given by the employer, and hence it is clear, under this statute, that Mehnke had not assumed the risk of injury resulting therefrom. It may then be said that, as applied to this case, the statute abrogates the common-law defense of assumption of risk.

[1] It also seems clear enough, from reading section 6245–1, that contributory negligence, considered as a common-law defense in bar, has not been wholly abolished, but has been removed only in the specified case, that is, where plaintiff's negligence is slight as compared with defendant's negligence; and that the common-law defense, as a full and absolute bar, remains at least in those cases where the plaintiff's negligence was as great or greater than that of defendant.[2] Upon the trial, defendant requested an instruction to this effect, but the district judge refused the request and allowed the jury to understand the plaintiff's contributory negligence, no matter how great as compared with the defendant's, was only to be considered by the jury in reduc-

[1] The "Norris Act," 101 Ohio Laws, pp. 195, 197, §§ 6245, 6245–1, General Code of Ohio:

"Sec. 6245. * * * Such employé shall not be held to have assumed the risk of the negligent act of any fellow servant or employé of such employer, done in obedience to the immediate or peremptory instructions or orders given by the employer, or any other person who has authority to direct the doing of said act * * * or the employing or retention of any incompetent servant."

"Sec. 6245–1. That in all such actions hereafter brought, the fact that the employé may have been guilty of contributory negligence shall not bar a recovery, where his contributory negligence is slight and the negligence of the employer is gross in comparison. But the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé. * * * All questions of negligence and contributory negligence shall be for the jury."

[2] We have so considered a similar statute: Erie R. R. Co. v. White, 187 Fed. 556, 109 C. C. A. 322; Erie R. R. Co. v. Kennedy, 191 Fed. 332, 112 C. C. A. 76.

tion of damages. Whether this was reversible error is the only question to be considered; for if the facts of this case were inconsistent with the existence of any such contributory negligence as could survive the statute and remain a defense in bar, the defendant was not prejudiced.

Ford, Snyder & Tilden, of Cleveland, Ohio (D. H. Tilden, of Cleveland, Ohio, of counsel), for plaintiff in error.

T. S. Dunlap, of Cleveland,. Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). [2] The rule of distinction between assumption of risk and contributory negligence and the application of that rule to concrete cases have received extended consideration. The latest discussion by the Supreme Court has been in the case of Schlemmer v. Railroad, 205 U. S. page 1, 27 Sup. Ct. 407, 51 L. Ed. 681, and in the same case, on the second review, 220 U. S. page .590, 31 Sup. Ct. 561, 55 L. Ed. 596.[3] When each, alike, constituted a complete defense, the distinction was largely academic, and it was natural that the terms should be used with some confusion; but now that statutes have made differences in the defensive value of the two things the distinction has become vital and has been the subject of much judicial inquiry. In this court, we have several times, recently, found it necessary to make the distinction.[4]

Mr. Justice Holmes said, in the first Schlemmer Case, 205 U. S. page 12, 27 Sup. Ct. 407, 51 L. Ed. 681, that assumption of risk "obviously shades into negligence as commonly understood," and that "the difference between the two is one of degree rather than of kind." In the second case, Mr. Justice Day says (220 U. S. page 596, 31 Sup. Ct. 561, 55 L. Ed. 596) "there is, nevertheless, a practical and clear distinction between the two." Doubtless, the explanation of this seeming conflict is, as suggested in the later opinion, that while there is a distinction in theory, which is clear and sharp in its application to some cases, yet, as applied to other cases, the distinction becomes one of degree and of shade. One class of cases is made up of those where a man goes to work or continues to work in an unsafe place or with an unsafe instrumentality, and the danger is not so extreme as. to make his conduct beyond the limits of prudence. By so doing, he assumes the risk. When, in the course of his work, he carelessly uses the dangerous tool so as to be hurt, instead of using it in a safe manner, or when, working in the unsafe place, he imprudently exposes himself to additional danger not inherent in the mere continuing at work in the unsafe place, then, in each case, his additional and unnecessary act is negligence. In such case, it is easy to differentiate between the two defenses. The assumption of risk does not gradually increase and shade into negligence; the assumption of risk, with its attendant results, continues, but the negligence co-exists by the side of the .assump-

[3] See, also, Texas R. Co. v. Harvey, 228 U. S. 319, 321, 324, 33 Sup. Ct. 518, 57 L. Ed. 852.

[4] Sterling Paper Co. v. Hamel (C. C. A.) 207 Fed. 300, 304; Yazoo R. Co. v. Wright (C. C. A.) 207 Fed. 281, 285.

tion; and we can put our finger on one part of the man's conduct and say "this was assumption" and on another part of his simultaneous conduct and say "this was negligence."

In another class of cases, however, the man uses the unsafe tool or he works in the unsafe place, but his own use and his own work are conducted with the utmost care compatible with the inherent danger. In such case he does not perform two separate acts. He does only one inseparable thing, viz., he continues working. It is true that even in this class of cases, his conduct may be denominated negligence, if the danger is so extreme that it was beyond the limits of prudence to assume the risk; but even then, the dividing line would be shifting and uncertain, and would be, as Mr. Justice Holmes said, merely a matter of degree; even then, the assumption would be the continuing foundation gradually growing into negligence.

If we apply to the former class of cases a statute abrogating assumption of risk but not affecting contributory negligence, we have no great difficulty, or none at all; but if we make the same application to a case of the latter class, we often find no definite and certain line of demarcation. The plaintiff's act is one unitary, indivisible act, viz., working in that place. It can be classified as mere assumption or as negligence, only as this jury may say that it was, or that jury may say that it was not, within the limits of reasonable prudence.

It is precisely this distinction between the two classes of cases which was applied by the Supreme Court in the Schlemmer Case. Upon the first review, it was thought that the case might be of the second class, and that the trial court had not clearly guarded what would then be plaintiff's rights. Upon the second review, and upon a fuller record, the case seemed to be of the first class, and was ruled accordingly. It was on the first review held to be the duty of the court to "see that his privilege against being held to have assumed the risk of the situation should not be impaired by holding the same thing under another name." The second opinion does not detract from the force of the legal principles announced in 205 U. S., and we think these principles clearly rule the present case. Here, plaintiff was pursuing his ordinary work in an ordinary and prudent way. The place became unsafe owing to the fault of his employer. Plaintiff remained and continued his work in the same ordinary, prudent way. His sole fault was that he continued to work instead of deserting his place. The Legislature of Ohio has said that when the plaintiff's fault consists in his keeping at work under dangerous conditions created by his fellow workmen pursuant to the immediate order of the employer, this act on the plaintiff's part shall be no bar to his action. Whether it accurately denominated such conduct as assumption of risk is not important. It was that act, whatever might be its most appropriate name, that ceased to be a defense. We think there is no escape from the conclusion that the defendant, under the Ohio statute and on the facts of this case, was not entitled to an instruction that contributory negligence might be a bar; and it follows that whatever abstract error the court made in his charge on this subject was not prejudicial.

[3] We do not overlook the provision of the statute which says that "all questions of negligence and contributory negligence shall be

for the jury," and the dependent insistence that we cannot reach the result we have announced, unless we are prepared to say that there was no evidence tending to show any negligence by Mehnke. It seems to be understood by the Ohio courts that the provision just quoted does not interfere with the power of the court to deal with a situation where there is no evidence of negligence;[5] but it is said that only in such a case can the court decide that a right of action is or is not barred, and that to give section 6245 the effect of abrogating a defense otherwise existing under section 6245–1 is to infringe upon the power which the latter section reserves to the jury. The proof that Mehnke's conduct was of a character which could be called negligent is vague and unsatisfactory; still, we are not prepared to say that reasonable minds could not differ about its character; and so we must recognize the pertinency of the argument just recited. However, we think that argument does not give due force to section 6245. That section declares that a servant who is injured by his fellow servant's negligence, under the stated conditions, does not assume the risk of that negligence. It does not say that the injured man does not assume the risk if it is small but does assume the risk if it is great; and yet, this is the meaning which it must have, if the injured man's conduct in remaining at work in the place so made dangerous is to bar his recovery if the danger was above the limit of reasonable prudence (in other words, is contributory negligence) and is not to affect his right of action if the degree of danger was below that practically indefinite limit (in other words, is only risk assumption). We are convinced that only by the construction which we have given to these two sections can the full remedial purpose of section 6245 be preserved. We do not say that there was no evidence of any conduct by Mehnke which, except for this statute, might be thought negligence; we do say that there was no evidence of any negligence of that kind and character which is so distinct from assumption of risk that it could survive the statutory abrogation of the latter. To say there was no evidence of any negligence, except such as consisted in the mere fact of working in his customary way but in a place which had become unsafe, is no more invading the province of the jury than it is to say there was no evidence of negligence of any kind; and to say that such negligence is that very assumption of risk dealt with by section 6245, is to decide a matter of statutory construction—a question of law.

It is possible that the mere fact of working in an unsafe place may be so reckless, so palpably dangerous, that the element of assumption is merged and is no longer the foundation on which negligence rests, and that such an act should be classified as pure negligence and should be unaffected by such a statute as that here involved. We are deciding a case where the record strongly indicates that the act involved was properly classifiable as risk assumption, and such an act is of the class of which section 6245 intends to speak.

The judgment is affirmed, with costs.

[5] See Wagon Co. v. Gawronski, 14 Ohio Cir. Ct. R. (N. S.) 449, 461; Gutt v. Penn. Co., O. Cir. Ct., 8th Cir., May 27, 1912.