## LA BELLE BOX CO. v. STRICKLIN.

(Circuit Court of Appeals, Sixth Circuit. December 8, 1914.)

### No. 2507.

1. MASTER AND SERVANT (§ 258*)—ACTIONS FOR INJURIES—PETITION—SUFFI-CIENCY.

In an action for injuries to an employé in a lumber yard, thrown from a platform in front of an approaching train by a collision between an empty truck which he was pushing and a loaded truck drawn by a horse, a petition, alleging that the horse was driven wantonly, heedlessly, carelessly, and negligently, and that the driver carelessly, wantonly, and recklessly failed and neglected to give plaintiff notice of the danger, stated a cause of action for ordinary, as distinguished from wanton or willful, negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 816–836; Dec. Dig. § 258.*]

2. PLEADING (§ 257*)—AMENDMENT—NECESSITY OF AMENDMENT.

Where defendant denied the allegations of petition for negligence and affirmatively alleged that plaintiff, with full knowledge that a loaded truck was coming and with sufficient room to place himself out of danger, without any necessity needlessly exposed himself to whatever dangers were incident to the operation of the loaded truck, the court did not err in refusing to permit an amendment affirmatively alleging contributory negligence, since the answer in substance alleged contributory negligence, and the charge gave defendant the benefit of that defense, all known witnesses testified fully, and there was nothing to suggest that any further evidence of contributory negligence could have been produced.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 764; Dec. Dig. § 257.*]

3. MASTER AND SERVANT (§ 203*)—LIABILITY FOR INJURIES—ASSUMPTION OF RISK.

An employé in a lumber yard was pushing an empty truck along a platform, and when about to meet a loaded truck turned close to the edge of the platform. The loaded truck did not turn out far enough and collided with the empty truck, and either as a result of the collision or of the swing of the loaded truck as it pulled away such employé was thrown from the platform in front of an approaching train. *Held*, that he did not assume the risk of such injury, as he had no reason to anticipate that he would be negligently knocked from the platform.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 538–543; Dec. Dig. § 203.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

4. MASTER AND SERVANT (§ 228*)—LIABILITY FOR INJURIES—PROXIMATE CAUSE.

The injured employé's conduct bore no causal relation to the injury distinguishable from his negligence contributing thereto, which, if slight, did not bar a recovery under the express provisions of Page & A. Gen. Code Ohio, § 6245—1.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

5. COURTS (§ 405*)—REVIEW—JURISDICTIONAL QUESTIONS.

Though no question of jurisdiction was suggested to the court below or to the Circuit Court of Appeals, that court might not overlook jurisdictional defects disclosed by the record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. § 405.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

218 F.—34

6. REMOVAL OF CAUSES (§ 86*)—INSUFFICIENCY OF PETITION—EFFECT.

In an employé's action for injuries, commenced in an Ohio state court, the petition alleged that defendant was a Michigan corporation operating a factory in Ohio, but did not allege plaintiff's residence or citizenship, except that he was temporarily employed in such factory. Defendant's petition for removal to the federal court, filed about one month after the suit was commenced, alleged that plaintiff "is" a citizen of Ohio. Plaintiff, without moving to remand, filed an amended petition which defendant answered on the merits, and after a trial judgment was rendered for plaintiff. It was stipulated at the trial that plaintiff then resided at B. in Ohio, and he testified that he lived there, and that shortly before the accident he had been working at other places in Ohio. *Held* that, while the petition for removal was defective for failure to show that plaintiff was a citizen of Ohio when the action was commenced, this did not require a reversal of the judgment, since a petition which seems to be intended to state good cause for removal, but is merely imperfect in reciting one of the necessary facts, and which is accepted by the state court as sufficient, removes the case and gives jurisdiction to the federal court, and, if the existence of diverse citizenship can fairly be presumed from the entire record, the judgment will be affirmed as in cases commenced in the federal court, notwithstanding the mere possibility of lack of jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

In Error to the District Court of the United States for the Eastern Division of the Southern District of Ohio; John E. Sater, Judge.

Action by Charles Stricklin against the La Belle Box Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. T. Hoffman, of Pittsburgh, Pa., for plaintiff in error.
G. D. Kinder, of Martin's Ferry, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. This was a suit to recover damages suffered by Stricklin while he was employed in the lumber yard of the box company, at Martin's Ferry, Ohio. There was a long platform between the railroad track and the lumber piled in the yard. Stricklin was pushing an empty truck along this platform and was about to meet a loaded truck drawn by a horse and driven by another employé. Stricklin turned out close to the edge of the platform, next to the railroad, and stopped. The loaded truck did not turn out far enough, the hub of its wheel struck the hub of Stricklin's truck, and, either as the result of the blow so given or of the swing of the load of lumber as the driver pulled away, Stricklin was knocked off the platform, fell onto the railroad track, and was badly hurt by a railroad car just then approaching. He recovered a verdict of $4,750, and the company assigns error, raising a question on the pleadings and claiming that there was no evidence of negligence. Under the Ohio statute in force (the Norris Act, §§ 6242, 6245—1, Page & A. General Code), plaintiff's contributory negligence would not be a bar, if it was slight as compared with defendant's negligence (McMyler Co. v. Mehnke [C. C. A. 6] 209 Fed. 5, 7, 126 C. C. A. 147);

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the fellow-servant rule would not apply if, as the jury found, the negligent driver was a foreman in charge of the work.

[1, 2] The question upon the pleadings was this: The petition charged that the horse was driven "wantonly, heedlessly, carelessly, and negligently," and that defendant was negligent in that the driver "carelessly, wantonly, and recklessly failed and neglected" to give plaintiff notice of the danger. The answer denied any lack of due care in driving the cart, and denied that the company drove the truck "heedlessly, wantonly, recklessly, carelessly, or negligently, or in any other manner without any warning to the plaintiff," and alleged affirmatively that, with full knowledge that the truck was coming and with sufficient room and opportunity to place himself out of danger, the plaintiff "without any necessity therefor, and of his own volition, so placed himself in relation to said cart and such horse as to needlessly expose himself to whatever dangers were incident to the operation of said car on said platform." On the trial, defendant claimed and the court held that the evidence did not show wanton or willful negligence as distinguished from ordinary negligence; but further held that the petition might be treated as one charging merely ordinary negligence, since it stated no facts sufficient to show willfulness or wantonness. The company then desired to amend its answer so as to allege contributory negligence, and urged that, since the defendant had supposed the action was for willful negligence which it knew could not be proved, it had not affirmatively pleaded contributory negligence, as was required under the Ohio practice in an action for ordinary negligence. This application to amend was denied, and the jury was instructed that the action was one for ordinary negligence, and that Stricklin's contributory negligence, if it was slight as compared with defendant's negligence, would not bar recovery, but should be given effect in reducing damages.

In this, there was no error. Not only was the court plainly right in treating the petition as one for ordinary negligence—at least inclusively if not exclusively—but the answer did, in substance and effect, allege contributory negligence, although it did not use those words. The charge gave defendant the benefit of that defense, all known witnesses testified fully, and there is nothing to suggest that defendant could have produced any further evidence if it had pleaded the affirmative defense of contributory negligence.

[3, 4] The basis for the claim that there was no evidence to show negligence justifying a recovery seems to be that plaintiff's act in standing so near the edge of the platform that he would be knocked off if the foreman drove against him was the sole proximate cause of the injury. This theory cannot survive its statement. Plaintiff did not assume the risk of such injury, since it was not customary or even occasional to knock the men off the platform in this manner, and the employé does not assume the risk of negligence which he did not have reason to anticipate. Sterling Paper Co. v. Hamel (C. C. A. 6) 207 Fed. 300, 304, 125 C. C. A. 44. If Stricklin's conduct bore any causal relation to the injury, it was indistinguishable from negligence contributing thereto (see McMyler v. Mehnke, supra, and cases cited)

and, so characterized, it was covered by the Ohio statute and by the court's charge in pursuance thereto.

[5, 6] It would be clear that the judgment must be affirmed, save for one thing. The case was commenced in the state court and was removed by defendant on the ground of diversity of citizenship. No question of jurisdiction was ever suggested to the court below or to this court, but we are bound not to overlook any jurisdictional defect that the record may disclose. See cases cited in our opinion this day filed in R. R. v. Stephens, 218 Fed. 535, 134 C. C. A. 263. The original petition alleged that the defendant "is and was, at the time of the grievances hereinafter complained of, a corporation of the state of Michigan, and owns and operates, and then owned and operated, a box factory in the city of Martin's Ferry, Ohio." It says nothing about either the residence or citizenship of plaintiff, unless by alleging that "the plaintiff at said time was employed by the defendant as a common laborer in and about its factory," and that he was working at the box factory temporarily; his regular trade being that of a puddler. The defendant's petition for removal does not in terms say that the controversy is between citizens of different states, but alleges that the jurisdictional amount is involved; that the defendant was, when the suit was commenced, and still is, a corporation, duly organized under the laws of Michigan, and was not and is not a citizen of Ohio; and "that the plaintiff is a citizen of the state of Ohio and resides at Bridgeport, Belmont county, Ohio." The injury was suffered October 6, 1911, the suit was commenced December 20, 1911, and the removal petition filed January 19, 1912. On the last-named day, the state court entertained the petition, fixed and approved the bond, and ordered that the cause be certified from that court to the United States District Court. Notice of filing the petition and bond had been theretofore given to the plaintiff as required by the Code. After the removal, it came about that plaintiff filed, in the court below, the second amended petition upon which the trial was had. This was not a mere amendment, but was a pleading complete in itself. It contained nothing bearing on plaintiff's residence or citizenship, in addition to what was found in the original petition. The defendant answered to the merits. The bill of exceptions does not contain all of the evidence. It only certifies that "there was no other or further evidence offered on behalf of either party as to how the accident occurred." At the opening of the trial, held December 9–11, 1912, counsel entered into a stipulation in part as follows: "It is also agreed that the plaintiff resides at Bridgeport, Ohio; that the defendant box company is a corporation organized and incorporated under the laws of the state of Michigan," etc. Plaintiff testified, "I live down at Bridgeport," and that he went to work for the box company a few days before the accident; that he had been confined to the house for the 14 months since the accident; that before he was injured he was a puddler by trade, working in that occupation for 30 years, excepting occasionally when the mills were stopped; and that shortly before the accident he had been working as a common laborer at Fulton and Bellaire. These places named, as well as Martin's Ferry, are all in Belmont county, and within a few miles of Bridgeport.

It will be noticed that the petition for removal is defective in that it does not allege Stricklin's citizenship at the time when this suit was commenced, but only at the time, 30 days later, when the removal petition was filed. That, for such defect, the judgment which has been recovered should be reversed and the case remanded to the state court must always be unfortunate; but that, in the present case, Stricklin, after commencing his suit in the proper court, after having been taken against his will into the federal court, spent a year in reaching trial, gone through the trial and recovered a judgment for an amount which was certainly not excessive, if his story was true, and then having lost two years more in getting the case to its present position—that after all this, and after continual acquiescence in the jurisdiction of the federal court and without any affirmative reason to doubt that the facts existed which gave the jurisdiction, he should be sent back to begin over again because the other side made an imperfect allegation, is a result not to be reached unless imperatively required by settled rules.

It is clear, however, that a line of Supreme Court decisions (Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518, 32 L. Ed. 914; Crehore v. Railway Co., 131 U. S. 240, 243, 9 Sup. Ct. 692, 33 L. Ed. 144; Jackson v. Allen, 132 U. S. 27, 34, 10 Sup. Ct. 9, 33 L. Ed. 249; Young v. Parker, 132 U. S. 267, 271, 10 Sup. Ct. 75, 33 L. Ed. 352; Graves v. Corbin, 132 U. S. 571, 590, 10 Sup. Ct. 196, 33 L. Ed. 462; La Confiance Co. v. Hall, 137 U. S. 61, 11 Sup. Ct. 5, 34 L. Ed. 573; United States v. County Court, 144 U. S. 568, 12 Sup. Ct. 921, 36 L. Ed. 544) does compel this result, unless they have been modified by something later. The sum of these decisions, as applied to a situation of this class, certainly is that such an allegation of the citizenship of a party at the date of commencing suit in the state court as to demonstrate that he was not, at that moment, a citizen of the same state as the other party, is of the essence of jurisdiction, and, being so essential, its absence can neither be overlooked nor supplied by inference nor cured by amendment. This court has applied this principle with great strictness. Macey Co. v. Macey, 135 Fed. 725, 729, 68 C. C. A. 363.

Kinney v. Columbia, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, clearly amounts to a withdrawal of the strict earlier rule. In that case there was in the removal petition no allegation as to the citizenship of the plaintiff at any time; but this point was touched only by the statement that the controversy "is" between citizens of different states. This allegation had been held insufficient, and it comes no nearer to saying that plaintiff was a citizen of Utah when the suit was commenced than does the present petition to saying that Stricklin was a citizen of Ohio when the suit was commenced. Indeed, the latter allegation is rather closer, because it positively states his citizenship at a date only a few days from the vital date. Although some special features are recited in the Kinney Case, its necessary effect is that a petition for removal which seems to intend to state good cause, but which is merely imperfect in reaching one of the necessary facts, does give jurisdiction to the federal court and does remove the case. Obviously, if the case remained in the state court, as all of the earlier

cases held, the federal court could not authorize amendment; the same case could not be in two courts at the same time. True, in the Kinney Case, a motion to amend was made before trial, but that circumstance bears on the justice and fairness of permitting amendment —not on the power to do so. In approving an amendment even before trial, the decision necessarily implies that the case was present in that court and was not within the grasp of the state court. We have recognized the Kinney Case as liberalizing the former strictness. Rife v. Underwriters, 204 Fed. 32, 36, 122 C. C. A. 346.

It is not without significance that the Code (section 29 [Comp. St. 1913, § 1011]) now requires notice of the removal proceedings, and we have thought this implied a right to be heard to some extent and so was vital. Butterworth v. Sessions, 205 Fed. 502, 123 C. C. A. 570; Arthur v. Maryland Co. (D. C.) 216 Fed. 386, 387. An order of a state court, after such notice and hearing, may well operate to cure an imperfect showing in a way that could not be assumed under the former practice.

Once do away with the thought that in such a case—where the removal petition was only imperfect, and where the state court had approved the transfer—the jurisdiction remains and is in the state court, and there seems no reason why it should not be viewed as liberally after judgment as is a case begun in the federal court. This is especially true where, after removal, plaintiff has filed an amended but incomplete petition and issue has been again joined.

It is now well established, as to a suit commenced in a federal court, that even where the pleading allegations of diverse citizenship are incomplete, yet if no question is made on that point and its existence can fairly be presumed from the entire record which reaches an appellate court, including the proofs as well as the pleadings, the court will not reverse for that reason. Robertson v. Cease, 97 U. S. 646, 648; Sun Ass'n v. Edwards, 194 U. S. 377, 382, 24 Sup. Ct. 696, 48 L. Ed. 1027; Mahoning Co. v. O'Hara (C. C. A. 6) 196 Fed. 945, 948, 116 C. C. A. 495; R. R. v. Stephens, supra. Here we observe that the petition says plaintiff was working in Ohio at the time of the accident; that plaintiff did not move to remand, as he naturally would have done if he had not been a citizen of Ohio when the suit was commenced; that the allegation in the removal petition of citizenship on January 19th, in connection with plaintiff's earlier situs as working in Ohio in October, strongly suggests his citizenship on December 20th; that, at the opening of the trial, the counsel stipulated an agreement on the subject of diverse citizenship, which clearly all counsel and the court thought showed jurisdiction; and that plaintiff testified he resided at Bridgeport, and for some time before the accident had been working in the vicinity and had been helpless at home ever since the accident, in October. In spite of all these things, it may be true that he had become a citizen of Ohio within a few days preceding January 19th; but this is not the natural presumption, it is highly improbable. We think the case is fairly within the principle of the Kinney and Sun Cases. Indeed, the fact analogy to the latter is very close as to inferring citizenship. The mere possibility that there was no jurisdiction will not justify reversal.

We make a different disposition of the case from that made of the Stephens Case because here the necessary citizenship may fairly be inferred; there, it may not be. That a railroad is doing business in a state has little, if any, tendency to show its organization under the laws of that state.

The judgment is affirmed, with costs.