### ERIE R. CO. v. CONNORS.*

(Circuit Court of Appeals, Sixth Circuit. October 7, 1919.)

No. 3245.

1. MASTER AND SERVANT ☞87—INJURY TO SERVANT; CUMULATIVE REMEDIES.
   Provisions of Metzger Act, relating to liability of railroad companies for injury to employés, are not exclusive; but the rights of action given by that act and by Norris Act, relating generally to employers and employés, are cumulative.

2. APPEAL AND ERROR ☞1066—HARMLESS ERROR; INSTRUCTIONS.
   Submission to the jury, in an action for personal injury to a railroad employé, of the issue whether defendant prescribed proper rules for the safety of employés, under Gen. Code Ohio 1910, § 6244, held not reversible error, although there was no evidence on the question where the vital issue, whether plaintiff was warned of the setting of the air brakes, which caused the injury, was properly submitted.

3. APPEAL AND ERROR ☞1004(1)—REVIEW OF EXCESSIVE VERDICT ON WRIT OF ERROR.
   The question whether a verdict for damages for a personal injury is excessive is not reviewable on writ of error.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by James B. Connors against the Erie Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Paul J. Jones, of Youngstown, Ohio, for plaintiff in error.
Wm. J. Kenealy, of Youngstown, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. James B. Connors commenced action against the railroad company in the common pleas court of Mahoning county, Ohio, to recover damages for personal injuries alleged to have been sustained while in the employ of the company and through its negligence. On petition of the company the case was removed to the court below, where the company answered, and upon trial before court and jury a verdict of $22,000 was rendered, and judgment was entered thereon in favor of Connors. The company prosecutes error.

Plaintiff received his injuries in a roundhouse of the company at Cleveland. He is a machinist, and at the time of the injury was in a pit under one of the defendant's passenger engines, and, pursuant to order of his foreman, engaged in tightening certain "engine truck jaw bolts." While plaintiff was thus engaged, and standing between a truck axle and the end of an air brake piston, seemingly "turned side-

ways" with reference to the line of the piston, another employé, an inspector, caused his helper to apply the air through manipulation of a lever in the cab of the engine, and for the purpose of testing the air brakes. It resulted, according to some of the testimony, that plaintiff was caught between the axle and the end of the moving piston, at and about the small of his back, and severely injured. Although the inspector says he knew plaintiff was about the engine shortly before the accident, yet it is reasonably plain that he had no actual knowledge of plaintiff's position at the time he directed the air to be applied, indeed, there is testimony to the effect that he did not select a point from which he could have seen the place of the accident; and the testimony is conflicting as to plaintiff's knowledge that it was then intended to set the air brakes, plaintiff testifying positively that he did not know of any purpose to apply the air, at least until he was caught and injured.

Whether the situation thus in substance described signified negligence, which in view of the pleadings and the law would support the action, depends upon certain statutory conditions which will presently be considered. The applicable features of negligence charged in the petition in substance are: (1) Failure to exercise ordinary care toward ascertaining plaintiff's position and either directly to apprise him or otherwise to give warning of the intent to set the brakes; and (2) failure to prescribe and enforce rules for the safety of employés working in a position about an engine where the setting of the brake would be likely to injure them. The answer denied these charges generally and averred that whatever injury plaintiff sustained was due solely to his own negligence.

[1] It is not claimed by either side that the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. §§ 8657–8665]) is applicable to the case. The controversy as to the apposite rule of law arises under two statutes of the state of Ohio; one is called the Metzger Act and the other the Norris Act. The Metzger Act, sometimes called locally the "Railroad Employers' Liability Act," is comprised in sections 9015 to 9018 of the Ohio General Code of 1910 (4 Page & Adams' Ann. Ed. pp. 460–468).[1] The Norris Act is comprised in sections 6242 to 6245—1 of the Ohio General Code of 1910 (3 P. & A. Ann. Ed. pp. 382–384).[2] In attempting

[1] These sections are classified and grouped in Ohio General Code under heading "Employés," and are in substance traceable to earlier statutes of Ohio passed, first, April 2, 1890, entitled "An act for the protection and relief of railroad employés, * * * declaring it unlawful to use cars or locomotives which are defective, or defective machinery or attachments thereto belonging, and declaring such corporation liable, in certain cases, for injuries received by its servants and employés on account of the carelessness or negligence of a fellow servant or employé" (87 O. L. 149); and, second, February 28, 1908, entitled "An act to qualify the liability of railroad companies for injuries to their employés" (99 O. L. 25).

[2] These sections were classified and grouped in the original General Code passed February 14, 1910, under heading "Labor" (volume 2, p. 1348). Section 6242 of the group was substantially same as Act April 4, 1902, entitled "An act to make employers of workmen liable in damages for injuries caused by negligence in the inspection and repair of machinery, etc." (95 O. L. 114).

to ascertain the legislative intent with respect to these two lines of legislation, it is helpful to consider the common purpose of the original statutes, as just pointed out, to enlarge the rights of employés, and the preservation of this purpose when the statutes were grouped and given ultimate form in the General Code; for the question at last is whether the provisions do not disclose relationship of controlling importance here, in spite of the varying dates of enactment of the prior statutes and their separate grouping later in different chapters of the Code.

Counsel for the company insist that the Metzger Act originated prior to the Norris Act, and is special in the sense that it relates only to railways, while the Norris Act is a general statute, and that the acts are in consequence to be so interpreted as to treat the special statute as an exception to the general statute, relying, for instance, on Gas Co. v. Tiffin, 59 Ohio St. 420, 441, 54 N. E. 77, and Doll v. Bar, 58 Ohio St. 113, 120, 50 N. E. 434. Stated in another way, the insistence is that the Metzger Law is exclusive in operation and affords no relief in a case like the instant one. That law concerns defects in railway rolling stock and tracks, which result in injuries to employés while engaged in operating trains, and also railway liability as respects negligence of fellow servants, assumption of risk, and contributory negligence. A synopsis of the sections comprising the law is set out in the margin.[3] If, then, it be recalled that plain-

This section (6242) was, with others, amended April 30, 1910, by an act entitled "An act to amend sections * * * of the General Code relating to liability for wrongful injury or death and the enforcement of actions therefor" (101 O. L. 195), and as thus amended appears in 3 P. & A. Ann. Ed. at p. 383. Sections 6243–6245 of the original General Code, before cited, were same as act passed April 23, 1904, entitled "An act qualifying the risks to be deemed as assumed by employés," subject to exception not important here (97 O. L. 547). These sections, like sections 6242, were amended by the act passed April 30, 1910, before mentioned, and as thus amended appear in 3 P. & A. Ann. Ed. pp. 384, 385. Section 6245–1 was enacted as an addition to the sections above mentioned, and it qualified the old rule as to effect of contributory negligence by a specific rule of comparative negligence (101 O. L. at 197, and also 3 P. & A. Ann. Ed. at pp. 385, 386). And see McMyler Mfg. Co. v. Mehnke, 209 Fed. 5, 126 C. C. A. 147 (C. C. A. 6).

[3] The Metzger Act (section 9015) forbids companies knowingly or negligently to use or operate cars or locomotives which are in themselves or their attachments defective; if employé receive injury therefrom the company is charged with knowledge of defect, and if defect shown in employé's action for the injury, such showing is made prima facie evidence of company's negligence. Section 9016 provides that in actions by employés against railways for personal injuries sustained through negligence of the company, "or any of its officers or employés, or in addition to other liability," every employé having authority over another shall be deemed the superior and not the fellow servant of such other employé and also of employés in another branch or department who themselves have no power to direct or control. Section 9017 imposes liability for injury resulting to an employé from a defect in any locomotive, etc., which the company had negligently failed to discover, and provides that the injured employé shall not be deemed to have assumed the risk or contributed to his own injury by continuing in the company's employ after knowledge of the defect, and also makes the company liable for injuries sustained by an employé while engaged in operating trains, engines or cars, where such injuries result through the negligence of another employé. Section 9018 takes

tiff's injury was not caused by a defect in rolling stock or track and not received by him while engaged in the operation of a train, it is plain enough—indeed, it is in effect conceded—that he possessed no right to recover at all unless he was within the protection of the Norris Act, and whether he was so protected is a vital question.[4]

It is to be observed that the portion of the Metzger Act which is included in section 9016 of the General Code imposes liability for negligence of a railroad company or any of its officers or employés, "in addition to other liability," thus indicating that it was not the legislative design that this act should be the sole source of a statutory right of recovery, but, on the contrary, that there was other existing statutory provision intended to protect railway employés, as well as employés in other occupations, against negligence of their employers. Responsive provision in this behalf is to be found, we think, in the Norris Act, which in most comprehensive terms authorizes recovery in actions between employés and employers for personal injuries, "in addition to the liability now existing by law."[5] This becomes plain when some of the terms of that act are applied to the facts already stated. Section 6242, as just shown, provides that an employé having control of employés either in the particular department in which an injury occurs or in a separate department, also that an employé whose duty it is to inspect machinery used in the business of the employer or to give warning to or for employés, "shall be held to be the superior and not the fellow servant of such other employés of such employer." To give this language concrete application, it is perfectly plain that Inspector Collins was the superior of Machinist Connors, the plaintiff; for it distinctly appears

from the company the defense of contributory negligence, when such negligence was slight and that of the employer greater, and in such cases provides a rule of comparative negligence, further declaring that all questions of negligence and contributory negligence shall be for the jury.

[4] We say this because of the common-law rule respecting the negligence of a fellow servant. The court below ruled, and we agree to the ruling, that independently of the Norris Act the inspector who caused the air brake piston to be set in motion, and consequently the injury, must be regarded as the fellow servant of plaintiff.

[5] It is provided by that portion of the Norris Act which is included in section 6242 (3 P. & A. Ann. Ed. O. G. C. p. 383): "That in all actions brought to recover from an employer for personal injuries suffered by his employé * * * while in the employ of such employer, arising from the negligence of such employer or any of such employer's officers, agents, or employés, it shall be held in addition to the liability now existing by law that any person in the employ of such employer, in any way having power or authority in directing or controlling any other employé of such employer, is not the fellow servant, but superior to such other employé; any person in the employ of such employer in any way having charge or control of employés in any separate branch or department, shall be held to be the superior and not fellow servant of all employés in any other branch or department in which they are employed; any person in the employ of such employer whose duty it is to * * * inspect the * * * plant, machinery, appliances, * * * in any way connected with or in any way used in the business of the employer or to * * * give or transmit any signal, instruction, or warning to or for such employés shall be held to be the superior and not fellow servant to such other employés of such employer."

that Collins was an inspector, and, besides, was in control of the helper to whom he gave the order to set the air brake piston in motion; and this is true whether the department in which the inspector was working be regarded as the department in which plaintiff was working, or as a separate department. It is scarcely necessary to add that the statutory provisions just mentioned are distinguishable from the provision of the Metzger Act respecting superior servants, for the latter provision would seem to be inapplicable by reason of the fact that plaintiff himself had a helper (see section 9016). We have, then, statutory provision entitling plaintiff, at least in a prima facie sense, to a right of action; and it hardly is conceivable that it could have been the legislative intent that this right should fail simply because it is found in the Norris Act, and not in the Metzger Act. There is no repugnancy between the two acts; they may well stand together. Employés and the rights intended to be bestowed on them constitute the subject matter of each act; and we are constrained to hold that the Metzger Act is not exclusive, but that the Norris Act is cumulative. This conclusion finds analogy in principle in Daviess v. Fairbairn, 44 U. S. (3 How.) 635, 645, 11 L. Ed. 760.

[2] It appears in the opinion denying a motion of defendant for new trial that the court's view of section 6242 was in accord with the one we have just expressed. In the charge to the jury the court dealt with the issue whether defendant through its inspector either apprised or in any way warned plaintiff of the intent to set the air brake. Testimony had been introduced both in support and denial of this issue; and the court instructed the jury that plaintiff was bound to prove by "a preponderance of the evidence that defendant was negligent and that this negligence of the defendant was the proximate cause of the plaintiff's injury." It must be conceded, however, that this issue of fact was not dwelt upon in the charge as was the other issue which concerned the alleged failure to prescribe and enforce rules for the safety of employés. The latter issue was prominently explained and submitted in the charge; and in the motion for new trial several complaints of error in this behalf were presented as grounds for setting aside the verdict. The basis of the charge as to rules and regulations was the portion of section 6244 which provides that in actions for personal injuries—

"the negligence of a fellow servant of the employé shall not be a defense where the injury * * * was in any way caused or contributed to by * * * the want of necessary and sufficient rules and regulations for the government of such employés and the operation and maintenance of such ways, works, boats, wharves, plant, machinery, appliances or tools."

It appears, in the opinion denying new trial, that defendant urged in support of its motion, as it urges here, that "there was no evidence tending to show a want of necessary and sufficient rules and regulations for the government of such employés." The court, believing that both sections (6242 and 6244) were applicable, concluded that "the verdict should be sustained because substantial justice was done," and that even if it was error to submit the issue as to rules it was not prejudicial to defendant. The questions thus confronting the court

upon the motion must have been (1) whether the evidence justified submitting to the jury the issue as to rules and regulations, and (2) whether the alleged omission on the part of defendant through its inspector, Collins, to warn plaintiff of the intent to set the air brake had been considered by the jury in the sense that the issue was determined by the verdict. We do not discover that plaintiff offered any evidence tending to show the existence or not of rules or regulations according to either the allegations of the petition or the provision of section 6244. Counsel for plaintiff do not even claim that such evidence was offered; indeed, they seem to have been content with introducing testimony as already stated to show that plaintiff was not in fact advised of the purpose to set the air brake. It is not easy, however, to understand why defendant would not have produced the rules and regulations in question, if in truth any had been adopted and sought to be enforced; but, regardless of this, defendant chose as before shown simply to present testimony to the effect that its inspector, Collins, actually notified plaintiff of the purpose to set the air brake. We must therefore conclude in view of the instructions on this subject, as before pointed out, that the case was submitted to the jury not alone upon the issue as to rules and regulations, but also upon the issue concerning notice to plaintiff of the purpose to set the air brake piston in motion and that this issue was decided by the verdict—and especially does this appear because the court particularly instructed the jury that the plaintiff could not recover if he had been warned, since in that event, his own negligence would be the sole proximate cause of the injury.

Was it then reversible error thus to submit both issues to the jury? Although technically there is a difference between the issue as to "want of necessary and sufficient rules and regulations" (section 6244) and the issue as to alleged failure to notify plaintiff of the intent to test the air brake, yet the ultimate object of such rules and regulations must be to provide for giving seasonable notice or warning to protect employés who might otherwise be liable to injury through movement and manipulation of machinery and the like; and this at last is the essence of the issue here as to failure to apprise or otherwise warn plaintiff. It is possible of course that the jury believed that defendant had made no provision through rules and regulations to protect its employés; but this does not signify reversible error, since the effect of the verdict is to show that defendant's inspector failed to notify plaintiff of the danger he was about to create.

[3] It is urged, moreover, that the court committed error in its charge concerning the measure of damages. This is to take only a partial view of the charge; considered as an entirety, we think the instructions bearing upon the amount of recovery were substantially correct. True, the verdict is apparently a large one; but this, like the claim that the verdict is against the weight of the evidence, is met by Herencia v. Guzman, 219 U. S. 44, 45, 31 Sup. Ct. 135, 55 L. Ed. 81, where, in passing upon a contention that the court might "review the evidence as to negligence and as to the damages recoverable," it was said:

"As there was evidence proper for the consideration of the jury the objection that the verdict was against the weight of evidence or that the damages allowed were excessive cannot be considered."

Our consideration of the remaining assignments convinces us that reversible error is not shown; and accordingly the judgment will be affirmed.