## BALTIMORE & OHIO RD CO v McTEER

Ohio Appeals, 1st Dist Hamilton Co

Nos 4969 & 4970. Decided Feb 17, 1936

Waite, Schindel & Bayless, Cincinnati, Herbert Schaffer, Cincinnati, and Philip J. Schneider, Cincinnati, for plaintiff in error.

Leo J. Brumleve, Jr., Cincinnati, for defendant in error.

318

## OPINION

By ROSS, PJ.

If the ordinary rules applied, there could be no question under such evidence that a jury must find contributory negligence upon the part of McTeer.

One of the defenses advanced was sole negligence. As we have pointed out, manifestly this defense is untenable but that McTeer was in some degree negligent cannot be gainsaid.

Sec 9018, GC, provides:

"In all actions hereafter brought against a railroad company operating a railroad in whole or in part within this state, for personal injury to an employe or where such injuries have resulted in his death, the fact that he was guilty of contributory negligence shall not bar a recovery when such negligence was slight and that of the employer greater, in comparison. But the damages must be diminished by the jury in proportion to the amount of negligence attributable to such employe. All questions of negligence and contributory negligence shall be for the jury."

This statute was read and properly explained to the jury. No better case could be found for its application. It takes the instant case completely out of the class in which the rule of contributory negligence applies.

It is contended, however, most vigorously that this and kindred sections have on applicability to the instant case, as such sections are applicable only to moving equipment such as locomotives, engines, cars, hand cars, rails, and tracks. It is the further contention that §§6242, 6243, 6244, 6245 and 6245-1, GC, are the sections covering any liability imposed upon the railroad in the instant case appertaining to its negli-

gence in the maintenance of standing equipment.

In support of this contention, the language of Judge Warrington in the case of Erie R. Co. v Connors, 261 Fed., 303 (1919) is noted:

"Counsel for the company insist that the Metzger Act originated prior to the Norris Act, and is special in the sense that it relates only to railways, while the Norris Act is a general statute, and that the acts are in consequence to be so interpreted as to treat the special statute as an exception to the general statute, relying, for instance on Gas Co. v Tiffin, 59 Oh St, 420, 441, 54 NE 77, and Doll v Bar, 58 Oh St, 113, 120, 50 NE 434. Stated in another way, the insistence is that the Metzger Law is exclusive in operation and affords no relief in a case like the instant one. That law concerns defects in railway rolling stock and tracks, which result in injuries to employes while engaged in operating trains, and also railway liability as respects negligence of fellow servants, assumption of risk, and contributory negligence. A synopsis of the sections comprising the law is set out in the margin. If, then, it be recalled that plaintiff's injury was not caused by a defect in rolling stock or track and not received by him while engaged in the operation of a train, it is plain enough—indeed, it is in effect conceded—that he possessed no right to recover at all unless he was within the protection of the Norris Act, and whether he was so protected is a vital question." ,

Note 3, to Erie R. Co. v Connors, p. 305:
"The Metzger Act (§9015) forbids companies knowingly or negligently to use or operate cars or locomotives which are in themselves or their attachments defective; if employe receive injury therefrom the company is charged with knowledge of defect, and if defect shown in employe's action for the injury, such showing is made prima facie evidence of company's negligence. §9016 provides that in actions by employes against railways for personal injuries sustained through negligence of the company, 'or any of its officers or employes, or in addition to other liability', every employe having authority over another shall be deemed the superior and not the fellow servant of such other employe and also of employes in another branch or department who themselves have no power to direct or control. §9017 imposes liability for injury resulting to an employe from a defect in any locomotive, etc., which the company

had negligently failed to discover, and provides that the injured employe shall not be deemed to have assumed the risk or contributed to his own injury by continuing in the company's employ after knowledge of the defect, and also makes the company liable for injuries sustained by an employe while engaged in operating trains, engines or cars, where such injuries result through the negligence of another employe. §9018 takes from the company the defense of contributory negligence, when such negligence was slight and that of the employer greater, and in such cases provides a rule of comparative negligence, further declaring that all questions of negligence and contributory negligence shall be for the jury."

The employe in that case was injured while in an engine pit repairing some defect in the lower part of a locomotive.

On the other hand, to our mind, the inference to be drawn from the language used by Mack, Judge, in Nash v Pennsylvania R. Co., 60 Fed. (2d) 26, at 27, is more strongly indicative that the act in question here applies:

"In determining the meaning of 'defect or unsafe condition' in §6243 and in §9017, we must examine also §6245 where the same phrase is repeated. In this latter section, relating to assumption of risk, it is clear that these words are contrasted with the words in the preceding clause 'neglect in failing to properly guard or protect'; in other words, a negligent failure properly to guard machinery or plant is not a defect or unsafe condition thereof. The latter phrase therefore evidently relates to some defect or unsafety inhering in the machine or the plant, as, e. g., some break, patent or latent, in the material, some loose board or hole on the floor. In this case, however, neither in allegation nor in proof is a defect or unsafe condition made the basis of the negligence; the charge is not that the hopper or the way or the plant was in any way defective or in an unsafe condition or that the machinery was negligently operated so as to permit or cause the hot sand to overflow, but that a barrier should have been erected to prevent the (impliedly) forseeable sudden overflow of the hot sand to reach the ladder floor opening. Therefore §§6243 and 9017, which have to do only with a defect, respectively, are inapplicable."

This latter case also involved an injury incurred in connection with the operation and maintenance of a railroad "sand

house." After describing the construction of the sand house equipment, the court say:

"Access to the second story is had by a ladder through a small opening near the edge of the floor, a foot and a half from the nearest hopper. On ascending the ladder at the close of a working day, on July 22, 1929, plaintiff, according to his testimony, was struck by a rush of hot sand which burned him and thus forced him to release his hold and fall. He suffered a fracture of the heel. In his petition filed December 7, 1929, the only negligence charged is that the defendant 'failed and neglected to provide any barrier or other protection to keep said hot sand away from the opening'."

Now if §9017, GC, has no application to standing or stationary equipment, why did the court find that such section was inapplicable solely because §6243 and §9017, GC, "have to do only with a defect or unsafe condition?"

We conclude, therefore, that not only are §§6243, et seq, GC, directly applicable to the issues here involved, but also that §9017, et seq, GC, are also applicable. Particularly do we consider this true of §9018, GC, which seems to be a section framed in the most general terms.

An independent examination of the two sets of statutes causes us to conclude that there is no foundation for the claim that §§6241-1 et seq, GC, are the only ones that can be considered generally applicable and that §§9005, et seq, GC, and particularly §§9017 and 9018, GC, are confined to matters involving rolling stock or movable equipment. §§9017 and 9018, GC, are found in 99 Ohio Laws, p. 25. The heading states: —"An Act to Qualify the Liability of Railroad Companies for Injuries to Their Employes." §9017, GC, is §1 of the Act. §9018 GC, is §2. The term appliance in §9017, GC, is broad enough to include an appliance by which sand is elevated to a container from which it may be discharged into compartments provided for same in locomotives or tenders.

Where a statute speaks in general terms, courts should hesitate to restrict the meaning of the language used to a limited area in the absence of obvious ground therefor found in the statute itself.

The criterion in statutory construction is not what the legislature intended, but what was the intent of the legislature in the use of the language employed.

What has been said answers in a general way most of the assignments of error presented.

Without in detail commenting upon the special charges given, we deem it sufficient to say that the general basis for criticism of these charges is found in the conception of the defendant that because McTeer planned and constructed the runway, he must assume entire responsibility therefor. He may be guilty of contributory negligence in the use of an obviously defective appliance, but this is not a defense to entire liability on the part of the railroad company, which is bound to provide its employes with a safe place to work. The harmonizing of these apparently conflicting responsibilities is definitely assigned by §9018 GC, as a specific task for the jury, which is directed to compare the respective negligence of employe and employer, and make such deduction in compensation as to it seems just. We find no authority to disturb the conclusions of the jury in this matter.

A number of special interrogatories were requested by the defendant and the same were refused by the court. To list in detail all of these would unduly extend this opinion. All the interrogatories requested and refused, as is true of some of those given, were subject to objection either because they asked for expressions of conclusions on the part of the jury as to probative or evidentiary facts, as distinguished from conclusions upon ultimate facts, or they requested expressions from the jury upon conclusions of law. In some cases at least, the interrogatories given covered the same area defined by some of those refused. See: Walsh v J. R. Thomas' Sons, 91 Oh St, 210, 215; Woodruff v Paschen, 105 Oh St, 396, 400; Mason Tire & Rubber Co. v Lansinger, 108 Oh St, 377; 39 Ohio Jur., p. 1158, et seq; Brier Hill Steel Co. v Ianakis, 93 Oh St, 300, 303; 39 Ohio Jur., p. 1160.

We have carefully examined the record and the elaborate briefs of counsel and conclude that no error has intervened to the prejudice of the plaintiff in error, and we do therefore affirm the judgments of the Court of Common Pleas.

MATTHEWS and HAMILTON, JJ, concur.