## YOUNG *v.* PARKER'S ADMINISTRATOR.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

No. 75. Submitted November 6, 1889. — Decided December 2, 1889.

On the facts stated in the opinion it is *Held*, that there is no separable controversy in this case; but that if there were, the provision as to the removal of such a controversy has no application to a removal on the ground of local prejudice.

In order to the removal of a cause from a state court on the ground of local prejudice, under Rev. Stat. § 639, it is essential, where there are several plaintiffs or several defendants, that all the necessary parties on one side be citizens of the State where the suit is brought, and all on the other side be citizens of another State or other States; and the proper citizenship must exist when the action is commenced as well as when the petition for removal is filed.

THE case is stated in the opinion.

*Mr. T. B. Swann* for appellants.

*Mr. S. A. Miller* and *Mr. J. F. Brown* for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

In December, 1865, Milton Parker filed his bill in the Circuit Court of Kanawha County, West Virginia, against John N. Clarkson and some seventy other defendants, seeking the marshalling of assets and the subjection of Clarkson's property

to the satisfaction of certain judgments held by the complainant against him, which appears to have been treated, and may be considered, as having been intended to bring all Clarkson's creditors into concourse, and after the adjustment of the liens of those having security, to devote any remaining property, or any surplus arising upon the securities, to the discharge of his liabilities. The cause was referred to a commissioner to take, state and report an account of the property owned by Clarkson and the liens thereon and their priorities, and various reports were made in the premises.

On the 8th day of July, 1871, C. G. Hussey & Company and John Johns, assignee of John N. Clarkson in bankruptcy, described in an order of the Circuit Court of that date as defendants, filed their petition and affidavit, sworn to by "J. N. Clarkson, a party to the above-mentioned suit," for the removal of the cause into the United States Court for the District of West Virginia, in these words:

"Your petitioners, John Johns, assignee of J. N. Clarkson in bankruptcy, and a citizen and inhabitant of the State of Virginia, and C. G. Hussey and Charles Avery, partners in business, using the name of C. G. Hussey & Company, and citizens and inhabitants of the State of Pennsylvania, respectfully represent unto your honor that they are parties defendants and also plaintiffs on a bill of review and petition in a suit pending in chancery in your honor's court, in Kanawha County, in which Milton Parker is complainant and John N. Clarkson and others are defendants.

"That among the defendants are E. Hemmings, S. Thornburg, A. H. Beach, Henry Chappell, J. H. Brown, Ann Thomas, J. M. Laidley and J. D. Lewis and J. C. Ruby, all of whom are citizens and inhabitants of the State of West Virginia; that said suit is now pending in said Circuit Court of Kanawha County, and in said suit there is a controversy between your petitioners in different rights, and the aforesaid parties, citizens and inhabitants of the State of West Virginia, in which said suit is pending; that the matter in dispute exceeds the sum of $500, exclusive of costs. Your petitioners have reason to and do believe, that from prejudice or local influence they,

nor either of them, will not be able to obtain justice in such state court; they file this petition for the removal of said cause of *Parker* v. *Clarkson and others,* now pending in the Circuit Court for Kanawha County, West Virginia, unto the District Court of the United States, held at Charleston, West Virginia, the same being in the district where this suit is pending, etc."

The cause was thereupon ordered to be removed as prayed.

On the 10th day of April, 1872, another order was entered in the case by the State Circuit Court, reciting that a mistake had been made in respect to the filing of a bond upon removal, and the bond being now filed, the court directs such removal on the petition of July 8, 1871, and "on the affidavit of the said C. G. Hussey, this day filed, the sufficiency of which affidavit and bond is hereby approved by this court."

The affidavit referred to is as follows:

"Your petitioners, C. G. Hussey and Charles Avery, partners in trade, using the name, firm and style of C. G. Hussey & Co., and citizens and inhabitants of the State of Pennsylvania, respectfully represent unto your honor that they are parties defendants, and also parties plaintiffs on petition and bill of review in a cause pending, on the chancery side of your honor's court, in Kanawha County, West Virginia, in which Milton Parker is complainant, and John N. Clarkson et als. are defendants.

"That among the defendants are E. Hemmings, A. H. Beach, H. Chappell, J. A. Brown, J. D. Lewis, J. M. Laidley, all of whom are citizens and inhabitants of the State of West Virginia; that said suit and bill of review therein are now pending in said court for Kanawha County, W. Va.

"That in said suit and bill of review there is a controversy between your petitioners in different rights and the aforesaid parties, citizens and inhabitants of the State of West Virginia, in which State said suit is pending; that the matter so in controversy and dispute exceeds the sum of $500, exclusive of costs.

"Your petitioners have reason to and do believe that from prejudice or local influences they will not be able to obtain justice in said state court.

"They file this petition for the removal of said cause of *Parker* v. *Clarkson et als.*, now pending in the Circuit Court for Kanawha County, West Virginia, unto the District Court of the United States for the District of West Virginia, (having Circuit Court powers,) held at Charleston, West Virginia, same being in the district where this suit is now pending."

January 21, 1873, the record was filed and the cause docketed in the United States Court. Various proceedings were afterwards taken therein, and a decree was rendered on the 12th day of December, 1885, determining the amounts due to, and priorities of, some of the creditors, and directing the sale of certain real estate. From this decree the pending appeal was prosecuted.

The record is in a confused and imperfect condition, but it shows, among other things, that C. G. Hussey & Company were judgment creditors of Clarkson, and Hussey and his partner are described in both petitions as citizens and inhabitants of the State of Pennsylvania. In the first petition, nine persons, and, in the second, six, are designated from among the defendants as citizens and inhabitants of the State of West Virginia. It is stated in the first petition that Clarkson's assignee in bankruptcy was, at the time of filing it, a citizen and inhabitant of the State of Virginia. The assignee did not join in the second, although his name is signed, by attorney, to the bond given on removal.

There was no separable controversy here, *Fidelity Insurance Company* v. *Huntington*, 117 U. S. 280; *Ayers* v. *Chicago*, 101 U. S. 184, 187, but if there were, the provision as to the removal of such a controversy has no application to a removal on the ground of local prejudice, under the act of March 2, 1867, c. 196, 14 Stat. 558, upon which these petitions were based. *Jefferson* v. *Driver*, 117 U. S. 272.

The provisions of that act are reproduced in the third subdivision of section 639 of the Revised Statutes, and it was and is essential, in order to such removal, where there are several plaintiffs or several defendants, that all the necessary parties on one side must be citizens of the State where the suit is brought, and all on the other side must be citizens of another

State or States, and the proper citizenship must exist when the action is commenced as well as when the petition for removal is filed. *Sewing Machine Cases,* 18 Wall. 553; *Vannevar* v. *Bryant,* 21 Wall. 41; *Bible Society* v. *Grove,* 101 U. S. 610; *Cambria Iron Company* v. *Ashburn,* 118 U. S. 54; *Hancock* v. *Holbrook,* 119 U. S. 586; *Fletcher* v. *Hamlet,* 116 U. S. 408. It does not appear from either of these petitions and affidavits, or elsewhere in the record, that diverse citizenship as to the parties therein named existed at the time of the commencement of the suit, nor that diverse citizenship existed between the complainant and all the necessary defendants at the time the petitions and affidavits were severally filed. The cause was not properly removed, and the state court has never lost jurisdiction. *Stevens* v. *Nichols,* 130 U. S. 230; *Crehore* v. *Ohio & Mississippi Railway Co.,* 131 U. S. 240, and cases cited.

*The decree is reversed and the record remitted to the District Court with a direction to remand the cause to the state court.*