MARSH et al. v. ATLANTA & F. R. CO. et al.

(Circuit Court, N. D. Georgia.    October 19, 1892.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

In a suit brought in a state court by a citizen of the state against a railroad company, also a citizen of the state, setting up certain claims and liens, a trustee, representing the bondholders, was made a party defendant. Being a citizen of another state, the trustee removed the cause on the ground of a separate controversy between it and plaintiff. *Held* that, as any judgment determining the rights and fixing the priority of liens of plaintiff and the trustee would of.necessity be against the railroad company, there was no separate controversy between the former two to justify a removal under the act of 1888, § 2, cl. 3. Ayres v. Wiswall, 5 Sup. Ct. Rep. 90, 112 U. S. 187; Safe Deposit Co. v. Huntington, 6 Sup. Ct. Rep. 733, 117 U. S. 280; Young v. Parker's Adm'r, 10 Sup. Ct. Rep. 75, 132 U. S. 267; Sharon v. Tucker, 12 Sup. Ct. Rep. 720, 144 U. S. 533; and In re San Antonio & A. P. Ry. Co., 44 Fed. Rep. 145,—followed.

In Equity.    Suit in the state court by E. W. Marsh and others against the Atlanta & Florida Railroad Company. The Central Trust Company of New York was, by order of the court, made a party defendant, and thereupon removed the cause to this court, on the ground of a separable controversy. Heard on motion to remand. Granted.

Payne & Tye, for complainant.
C. Z. Blalock, for defendant Atlanta & F. R. Co.
H. B. Tompkins, for defendant Central Trust Co. of New York.

NEWMAN, District Judge.    1. This is a motion to remand. The case is removed to this court by the Central Trust Company of New York, on the ground that there is a separable controversy between it and other parties to the suit. The petition for removal, which was filed in the state court, sets out:

"Petitioner has a separable controversy with each of the complainants in said suit distinct from the other; and petitioner further shows that it also has a matter in dispute with the said Atlanta & Florida Railroad Company, a party defendant in said cause, which is separable and distinct from any question of dispute that petitioner may have with the parties who are nominally complainants in said cause."

On the argument of the case, however, the separable controversy insisted upon is between E. W. Marsh, who is a party complainant, and the Central Trust Company of New York, made, by order of the state court, party defendant.

In the midst of other business, the court has not had opportunity to prepare any elaborate opinion, expressive of the views entertained on the question submitted.    On the authority, however, of Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. Rep. 90; Safe Deposit Co. v. Huntington, 117 U. S. 280, 6 Sup. Ct. Rep. 733; Young v. Parker's Adm'r, 132 U. S. 267, 10 Sup. Ct. Rep. 75; Sharon v. Tucker, 144 U. S. 533, 12 Sup. Ct. Rep. 720; and In re San Antonio & A. P. Ry. Co., 44 Fed. Rep. 145,—the court must determine that no separable controversy exists in this case, such as would justify removal under the third clause of section 2 of the act of August, 1888.

The removal cases in 100 U. S. 457, and Foster v. Railway Co., 47 Fed. Rep. 379, come nearer to authority for defendant than any of the cases cited and relied on by counsel for the Central Trust Company, but in my judgment those cases are clearly distinguishable from this case. I am wholly unable to see how any controversy that may exist between the Central Trust Company and E. W. Marsh, either as to his claim by note against the Railroad Company as to the tax fi. fa. assigned to him, or otherwise, and the Central Trust Company, representing the bondholders, can be determined without the presence of the railroad company. Any judgment fixing and determining the rights of either Marsh or the trust company must involve the railroad company as a party, for in either case the judgment fixing the liability and priority of lien must be against it. The case, in my judgment, is controlled absolutely by the authorities first cited, and against the trust company on the question of separability.

2. It is unnecessary, in this view of the case, to determine whether or not the petition of removal is filed in time. If this were not true, a question of proper practice under the state law, not yet settled by the supreme court of the state, would arise. No opinion is expressed, therefore, as to whether the cause was removed in time, as it must be remanded to the state court, on the ground that no separable controversy is shown such as would justify its removal.

An order remanding the case will be entered.