WASHINGTON–EAST WASHINGTON
JOINT AUTHORITY, Plaintiff,

v.

ROBERTS AND SCHAEFER COMPANY,
Division of Thompson-Starrett Compa-
ny, Inc., and Pacific National Fire In-
surance Company, Defendant.

Civ. A. No. 18025.

United States District Court
W. D. Pennsylvania.

Jan. 7, 1960.

Eugene B. Strassburger, Jr., Pittsburgh, Pa., for plaintiff.

Gilbert Helwig, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

■■ This is a removal civil action. It came here on the petition of the two corporate defendants and was filed with the clerk July 29, 1959. On that date an order of removal was entered by a brother judge. The next day, July 30, 1959, plaintiff filed a motion to remand the case to the Court of Common Pleas of Washington County, Pennsylvania. Thereafter, defendants filed a motion for summary judgment in their favor. In due course the motions appeared on my argument list. During the oral argument this court raised the issue as to whether the petition for removal filed by the defendants, as well as the record generally in this case, properly invoked the diversity jurisdiction under section 1332, title 28 U.S.C. as amended on July 25, 1958. Thereafter defendants did on December 21, 1959, file an amended petition for removal. It can be said that had the allegations embodied in the amended removal petition been incorporated in the original removal petition, the jurisdiction of the court would have been properly invoked. The problem under consideration is similar to that considered by the Supreme Court in Jackson v. Allen, 132 U.S. 27, at page 34, 10 S.Ct. 9, 33 L.Ed. 249, which the then Chief Justice said:

"It appears from the record that the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown, and that therefore the jurisdiction of the state court was never divested. Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518, [32 L.Ed. 914]. This being so, the defect cannot be cured by amendment. Crehore v. Ohio & Mississippi Railroad Co., 131 U.S. 240, 9 S.Ct. 692, [33 L.Ed. 144]."

This court understands that the principal announced in the foregoing decision in 1889 is still the law with respect to removal actions. Somewhere in the record, either in the petition for removal or in the pleadings filed in the state court, the record must affirmatively show diversity of citizenship not only at the time the removal petition is filed in this court but at the time of the commencement of the suit in the state court. Otherwise the jurisdiction of the state court is not divested. The instant removal petition filed July 29, 1959, would have sufficed prior to the amendment of July 25, 1958. Prior to the amendment, a corporation was a citizen only of the state wherein it was incorporated but the amendment provides:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

In the instant case the record shows that plaintiff corporation is a citizen of Pennsylvania. For defendants to invoke the jurisdiction of this court, it was necessary to allege under the amendment that the two defendants were foreign corporations to the State of Pennsylvania, and that their principal places of business were without Pennsylvania. Certainly the petition for removal does not make these allegations. In the complaint filed in the Washington County Court the one defendant, Roberts and Schaefer Company, is alleged to be a corporation of the State of Illinois with its principal place of business in Chicago, Illinois. As to

the other defendant the complaint states that the Pacific National Fire Insurance Company is a corporation of the State of California having its *principal office* in San Francisco, California. The complaint is silent as to the principal place of business of the second defendant and it is to be noticed that the removal petition as originally filed contains no allegation that there was diverse citizenship between plaintiff and defendants on the date that the suit was commenced in Washington County, Pennsylvania, that is on July 2, 1959 and also on the date the petition for removal was filed in this court on July 29, 1959.

■ The terms "principal office" and "principal place of business" are not interchangeable. In the legislative history of the diversity amendment, the latter phrase is mentioned. See U.S.Code Congressional and Administrative News, 1958, Vol. 2, second session at page 3102, where it is stated:

"The proposal to rest the test of jurisdiction upon the 'principal place of business' of a corporation has ample precedent in the decisions of our courts and Federal statute such as the provisions of the Bankruptcy Act (11 U.S.C. 11). There is thus provided sufficient criteria to guide courts in future litigation under this bill."

The Bankruptcy Act and the decisions thereunder have long noted the different meaning in the two phrases. For instance in Watters v. Hamilton Gas Co., D.C., 10 F.Supp. 323, at page 326, the court said:

"In this connection it is worthy of note that a sharp distinction exists between the phrase 'principal office' and the phrase 'principal place of business.' In the opinion of the Circuit Court of Appeals in this case, attention is called to the fact that 'it may be found that the principal place of business of the corporation, within the meaning of the National Bankruptcy Act (11 USCA),

has been the place in which the greater part of the business has actually been conducted, rather than the place where for convenience, offices have been maintained.' This distinction has been recognized in other cases involving this precise question. In Dryden v. Ranger Refining Co., [5 Cir., 1922] 280 F. 257, 259, the court said: 'The business of a corporation is its activities in the acquisition or production of that which its charter authorizes it to produce or acquire, and its dealings with its customers, not its relations with its own employees or officers in its internal government, or in applying to them the checks it may have devised in carrying on its business as security against the improvidence or negligence of agents.'

"Likewise, in Continental Coal Corporation v. Roszelle Bros., [6 Cir., 1917], 242 F. 243, 246 the court observed:

" 'Nor as between the place where a mining corporation's actual operations are carried on and the place where the selling is done and the principal office maintained can the latter be declared in all cases, as matter of law, the principal place of business. * * * ' "

■ There are many older decisions in the Federal Courts, including the Supreme Court, all of which indicate that for a party to remove a cause from the state to the federal court, the diverse citizenship must appear upon the record. The record in turn must be that which is completed within 20 days after service of the removal petition upon the adverse party. See 28 U.S.C.A. § 1446; Phoenix Insurance Company v. Pechner, 95 U.S. 183, 24 L.Ed. 427; Cameron v. Hodges, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132; Young v. Parker, 132 U.S. 267, 10 S.Ct. 75, 33 L.Ed. 352:

Also see Stamm v. American Telephone & Telegraph Company, D. C., 129 F.Supp. 719, at page 720, where the then district Judge Whittaker said:

"(2) Petitioner-defendant, A T & T and Western contend that it is saying that 'the removable character of a cause is determined as of the date the petition for removal is filed' and they cite Brown v. Eastern States Corp., 4 Cir., 181 F.2d 26, 28. That case clearly announces the law that a 'case is not to be remanded if it was properly removable upon the record as it stood at the time the petition for removal was filed.' But how stood the record here at the time the petition for removal was filed? Does it not show that at the time of the institution of the suit the defendant Tatum, was a citizen and resident of Missouri? For nearly three-quarters of a century the law has been well-settled that an action may not be removed from a state to a Federal court on the ground of diversity of citizenship at the time of filing the petition for removal unless such diversity also existed at the time of the commencement of the suit. Gibson v. Bruce, 108 U.S. 561, 2 S.Ct. 873, 27 L.Ed. 825; Houston & Texas Central R. Co. v. Shirley, 111 U.S. 358, 4 S.Ct. 472, 28 L.Ed. 455; Akers v. Akers, 117 U.S. 197, 6 S.Ct. 669, 29 L.Ed. 888; Kellam v. Keith, 144 U.S. 568, 12 S.Ct. 922, 36 L.Ed. 544; Jackson v. Allen, 132 U.S. 27, 10 S.Ct. 9, 33 L.Ed. 249; Young v. Parker, 132 U.S. 267, 10 S.Ct. 75, 33 L.Ed. 352; Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914; Kraut v. Worthington Pump and Machinery Corp., D.C.N.Y., 1 F.Supp. 307."

■■ One final proposition remains for discussion. Prior to the amended removal petition, the record is silent as to the principal place of business of Pacific National Fire Insurance Company. It is sued jointly with the other defendant. Defendants say in their brief on the amended petition that there was only one contract between the parties and that "Contract" shall include "Bonds". The defendants have thus been sued for the alleged breach of but one written instrument. The action is docketed in Washington County under one number and in this court as a single civil action. I understand the law to be that to show diversity of citizenship under the circumstances presented here both defendants must have been alleged to have been a corporation foreign to Pennsylvania together with the amended requirement that their principal places of business are not within this state. The allegation that a *principal office* exists in a certain state is not equivalent to an allegation that the principal place of business is in that state. The action is non-divisible. Where there is diverse citizenship between plaintiff and one of the defendants only shown on the record, then Young v. Parker, supra, is authority for the proposition that the cause was not properly removed, and the state court has not lost jurisdiction. A recent case on the points under discussion is that of Browne v. Hartford Fire Insurance Company, D.C., 168 F.Supp. 796, wherein the District Court in Chicago applies the amended provisions of section 1332(c) and rules that an amendment to the removal petition will not be allowed after the 20 day period. I agree with Judge Campbell who said on page 799:

"Here, since the principal place of business of the defendant corporations is not set out in the petition or the pleadings, there is no allegation of diversity of citizenship as required by Sec. 1332. Therefore, there is a fatal defect in the petition and therefore there are no grounds for removal since this court has no basis upon which to assume jurisdiction."

Under the circumstances an order will be entered granting the motion to remand. The motion for summary judgment is not reached. The Washington County Court has not lost its jurisdiction.