286 F.2d 172
 Robert E. MILLER
v.
Carl WELLER, Emily I. Weller, Everett Weller, Ray Weller, Mamie Weller, Norman E. Ritter and Marjorie Hester, formerly trading as Weller Manufacturing Co., Appellants.
 No. 13377.
 United States Court of Appeals Third Circuit.
 Argued January 9, 1961.
 Decided February 2, 1961.
 
 Arlin M. Adams, Philadelphia, Pa. (Bernard M. Goodman, Easton, Pa., Samuel D. Slade, Washington, D. C., Robert L. Kendall, Jr., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Goodman & Weitzman, Easton, Pa., on the brief), for appellants.
 Nathan Lavine, Philadelphia, Pa. (Le Roy Comanor, Melvin Lashner, Adelman & Lavine, Philadelphia, Pa., on the brief), for appellee.
 Before GOODRICH, McLAUGHLIN and FORMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the judgment of the District Court for the Eastern District of Pennsylvania in favor of the plaintiff in a suit to recover under right claimed under the contract made between the parties. The defendant has appealed. This is a diversity case and that is the only ground of federal jurisdiction. The parties have not raised the point but we must. There is no allegation in the plaintiff's complaint of the citizenship of the defendants. Plaintiff alleges he is a Florida citizen but, of course, in the absence of diversity the federal court has no jurisdiction. Section 1653 of 28 U.S.C. provides, however:
 
 
 2
 "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."
 
 
 3
 Pursuant to this statute the plaintiff may, if he can, file an amendment within twenty days which shall state positively that the defendants were citizens of a state other than Florida at the commencement of this action. Mantin v. Broadcast Music, Inc., 9 Cir., 1957, 244 F.2d 204. Otherwise the action must be dismissed for want of jurisdiction.